UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BETHANY DAVIS,**
        **Plaintiff**

**v.**                   Civil Action No.
                       3:05CV727-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
        **Defendant**

### MEMORANDUM OPINION

  This case presents plaintiff Bethany Davis' challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that there is no legal error, that substantial evidence supports the decision of the Commissioner, and that the decision should be affirmed.

  Ms. Davis filed her applications on May 9, 2003, alleging that she had been unable to engage in substantial gainful employment since April 19, 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Davis' degenerative disc disease of the cervical and lumbar spine, history of thoracic outlet syndrome, and status post first rib resection and scalenectomy were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity for a significant range of light semiskilled work.

  If the Commissioner's decision is supported by substantial evidence, the reviewing

Court must affirm.  Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).   The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff contends that the ALJ's reasons for finding her testimony less than fully credible are "without merit."   The ALJ's credibility assessment must be supported by substantial evidence.  Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997).  Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so.  Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).  In this case, the ALJ gave well-supported reasons for finding plaintiff's testimony only partially credible.  For example, he cited Dr. Ghazi's testimony that the conditions reflected in the records should result in no physical limitations.  He also noted that there was no sign of atrophy, in her left arm, despite the fact that she claimed she was completely unable to use it due to pain.

Plaintiff argues that the ALJ misinterpreted Dr. Ghazi's testimony, and that the testimony actually only cast doubt on the impact of the degenerative disc disease, not on the problems resulting from her thoracic outlet syndrome.  The Court, however, perceives no error in the ALJ's reliance on Dr. Ghazi's testimony.  Dr. Ghazi testified that the degenerative disc disease reflected by MRI was a diagnosis which really did not cause any problem. Tr. 358.  The ALJ went on to inquire concerning the thoracic outlet syndrome:

> Q. Based upon review of the objective medical evidence of record in this case is there any medical cause or basis for the complaints she's alleged here today with respect to the use and function of her non-dominant left upper extremity?
>
> A. The records don't show that.

Tr. 359.

Thus, the medical records do not reflect a basis for the pain of which plaintiff complains. Dr. Ghazi agreed that sometimes the thoracic outlet syndrome surgical treatment does not work, and the records reflect that Dr. Atasoy is using pain management modalities with his patient; however, given the record, this pain management is based solely on Ms. Davis' subjective report. While pain may support a claim of disability, the claimant's subjective assertions are *not* sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929©)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990). In this case, the ALJ pointed to evidence – part time care of toddler and lack of atrophy – that is inconsistent with Ms. Davis' testimony that the pain prevents her from using her arm. There is no error.

An judgment in conformity has this day entered.